### McGREGOR *v.* PEABODY.

COVENANTS—BUILDING RESTRICTIONS—GARAGE AS PART OF HOUSE.
A restrictive covenant in a deed limiting buildings to a single dwelling house with necessary outbuildings did not prohibit the construction of a garage as part of a dwelling, in the absence of proof that the restriction was imposed pursuant to any general building plan as to garages, or a purpose to restrict building of garages to the alley lines of the lot.

Appeal from Wayne; Webster (Arthur), J.     Submitted June 8, 1927.     (Docket No. 38.)     Decided October 3, 1927.

Bill by William H. McGregor and others against Henry N. Peabody and others to enjoin the violation of building restrictions.     From the decree rendered, plaintiffs appeal.     Affirmed.

Deeds, 18 C. J. § 452; 34 L. R. A. (N. S.) 730; 2 R. C. L. 1209; 1 R. C. L. Supp. 745; 4 R. C. L. Supp. 161.

*Edward D. Devine* and *Harry J. Kent*, for plaintiffs.
*Ernest P. La Joie*, for defendants.

McDONALD, J.    This suit was brought to restrain
the erection of a dwelling house and garage in violation
of certain building restrictions.    The property in-
volved is located in one of the finest residential districts
in the city of Detroit.    The plat was owned and de-
veloped by the North Woodward Land Company, a
corporation.    The plat and all deeds contain a covenant
restricting buildings to one single dwelling house, to-
gether with any necessary outbuildings, the first story
of the building to be either of stone, brick, or hollow
tile with cement face construction.    It was also pro-
vided that plans for proposed buildings should be sub-
mitted for approval to the North Woodward Land
Company.    There were other restrictions, but as they
have no application to the questions here involved we
need not mention them.    These restrictions are con-
tained in the deed to the defendants.    Before be-
ginning the erection of any buildings the defendants
presented their plans to the North Woodward Land
Company and secured its approval.    As the building
operations progressed and it became apparent that the
first story was being built of brick veneer instead of
solid brick, and that the garage was to be attached to
the house instead of being placed at the rear of the
lot, the plaintiffs filed this bill to enjoin the construc-
tion.    On the hearing the court found that the use of
brick veneer was a violation of the restriction, but
that it contained nothing forbidding the erection of a
garage at the rear of and connected with the house.
The defendants are satisfied with the decree and have
changed their building to conform to it, but the plain-
tiffs, feeling aggrieved, have appealed.

The only question presented by the record is whether
the erection of a garage attached to the main building
constitutes a violation of the restrictive covenant.

The defendant Henry N. Peabody testified:

"I am building my garage of solid brick on the back of the house as a convenience to my own family, especially my wife and myself coming in at night. We have had garages in the back when it has been almost hazardous to come around the dark alleys at night, nowadays especially, and we went to considerable outlay and expense and great trouble in planning our house to have our house where it is shown on the plan. We also heat the garage from the main heating plant in the house, which shortens the heating distance very much."

When a garage is attached to the home the building code requires that it be constructed of solid brick and have a fire wall between it and the house. The proposed garage complies with the provisions of the building code; and it does not seem to violate any of the restrictions adopted by the subdividers. The restrictions permit the erection of a single dwelling house, with any necessary outbuildings. In disposing of the issue, the trial court said:

"There isn't any provision of this condition, of this building restriction, that says that the outbuilding must be placed on the alley line or near the alley line or on the side line or near the side line or anything of the kind. The only provision is, 'together with any necessary outbuildings.' They have to be necessary outbuildings connected with the house. If that is true, it seems to me that just as came out of the testimony of somebody here, the garage might be placed within a foot or two of the house or four or five feet away or next to the house, and if it was placed there the very same objection would apply as having it actually roofed over as a part of a house with a fire wall between and a roof extending over. Not that there is any practical difference."

The trial court was right. There is nothing in the restrictive covenant forbidding the construction of a garage as a part of a dwelling house. But the plaintiffs say that when this restriction was adopted it was

the custom to build garages on the rear of the residence lots; that this custom was followed by the various grantees and is binding on the defendants. Conceding this custom, there is no proof that the restriction was imposed pursuant to any general building plan as to garages or with the purpose to restrict the building of garages to the alley line of the lots. If there was any such general scheme the grantor who imposed the restriction may be supposed to have adopted it. But there is no evidence that there was any such plan in the minds of the subdividers of this plat. Customs and conditions have changed since this plat was first put on the market. For economical reasons of heating, for protection and convenience, it is now the custom in cities to build garages as a part of the dwelling. It is a modern method of construction and is followed in many of the finest residential districts. The record presents no sufficient reason for forbidding the erection of this garage as proposed by the defendants.

The decree of the circuit court is affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.